**T. Anthony Kreuser, Defendant in Error, v. The Thomas B. Jeffery Company, Plaintiff in Error.**

**Gen. No. 20,594.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

## Statement of the Case.

Action by T. Anthony Kreuser, plaintiff, against The Thomas B. Jeffery Company, a corporation, defendant, on an agreement alleged to have been made by defendant to sell plaintiff's automobile.

For plaintiff, evidence was introduced to show that in the spring of 1911 he purchased a 1910 car from defendant, a manufacturer and seller of automobiles, for which plaintiff agreed to pay one thousand five hundred dollars, and paid one thousand dollars there-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of in cash and gave his notes for five hundred dollars, due in one year, for the balance; that defendant agreed to overhaul the chassis thoroughly and to give it the same guaranty as its 1911 cars. Plaintiff also introduced testimony that the car was defective and had not been repaired or altered as defendant had agreed; that he had made many complaints to defendant's manager and had taken the car to defendant's shops many times and finally, in May, 1911, left it in defendant's garage. He further testified that in November, 1911, the manager, acting for defendant, agreed to sell the car for plaintiff for not less than one thousand two hundred dollars, and out of the proceeds to cancel the notes and pay plaintiff the balance of seven hundred dollars, or any balance that the car might bring in excess of one thousand two hundred dollars.

Defendant contended that no such agreement had been made, and correspondence of plaintiff, subsequent to the date of the alleged agreement purporting to tell the "entire story," was introduced in which no mention was made of the agreement.

Defendant's manager, who testified, made no definite denial of plaintiff's version of the conversation in which the agreement was alleged to have been made.

A former employee of defendant testified, as did plaintiff, that the car had not been given the agreed overhauling.

To reverse a judgment for plaintiff for seven hundred dollars, defendant prosecutes this writ of error.

PARKER & KING, for plaintiff in error.

H. G. COLSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 372*—*when evidence sufficient to establish agreement for sale of automobile.* In an action to recover on an agreement alleged to have been made for the sale of plaintiff's automobile, where the plaintiff's evidence as to the agreement is not only substantially uncontradicted, except in so far as it is weakened by the fact that in his letters to defendant, subsequent to the date of the alleged agreement, in which he undertook to state the circumstances of the transactions between them, plaintiff made no mention of such an agreement, but there are other facts tending to support his contention, and defendant's evidence contains no definite denial of plaintiff's evidence of the circumstances of the making of the agreement, a verdict for the plaintiff will not be disturbed.

2. SALES, § 17*—*when consideration sufficient.* Where plaintiff purchased from defendant an automobile which was manufactured the year before, paying part of the price in cash and giving his notes due in one year for the balance, and defendant gave him the same guaranty for the car as was given for its cars for the current year, either the payment of the notes before due or release by plaintiff of defendant's guaranty would be sufficient consideration to support an agreement by defendant to sell the car for plaintiff for a minimum price and apply the proceeds to the cancellation of plaintiff's notes and pay him the balance.

3. APPEAL AND ERROR, § 1466*—*when admission of evidence in corroboration not error.* Even though certain evidence tending to prove the consideration for a contract may not be competent, its admission is not error where plaintiff has testified fully to the same fact without objection.

BROWN, P. J. dissenting.